## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN DETRICK, et al., | ) | Case No.: 5:06CV2732 |
| | ) | |
| Plaintiffs, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| 84 LUMBER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

SARA LIOI, UNITED STATES DISTRICT JUDGE:

Defendant 84 Lumber Company filed its Motion to Transfer Venue (Doc. 6) on December 11, 2006.  Plaintiffs Norman and Judy Detrick have filed their Brief in Opposition (Doc. 21), and 84 Lumber has replied in support of its motion (Doc. 30). Upon consideration of the briefs, the law and the facts, this Court hereby DENIES the Motion to Transfer Venue.[1]

The Detricks filed this lawsuit in Ohio state court, alleging breach of contract, quantum meruit, negligent construction and defective workmanship, fraud and misrepresentation and violation of the Ohio Consumer Sales Practice Act, all arising out of their negotiations in Macedonia, Ohio with 84 Lumber and the events following the parties' agreement concerning the construction of a residential dwelling on property located in western Pennsylvania.

---

[1] As an initial matter, this Court strongly encourages counsel for all parties to moderate the tone of their filings in this matter.  Personal attacks and gratuitous characterizations of opposing arguments are not helpful to the Court in reaching a decision and should not be included in any document placed before this Court.

**Standard of Decision**

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is committed to the sound discretion of the trial court for an individualized decision concerning issues of convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The initial inquiry, then, is whether this lawsuit might have been brought in the district to which 84 Lumber seeks to transfer it: the Western District of Pennsylvania.

**Relevant Factors**

*". . . might have been brought."*

Almost immediately, 84 Lumber finds itself in difficulties. On the one hand, 84 Lumber argues that "both parties reside in Pennsylvania," so it will be more convenient for all parties to litigate this matter in the Western District of Pennsylvania. Memorandum in Support of Defendant 84 Lumber Company, LP's Motion to Transfer Venue (Doc. 6) at 1. On the other hand, in its notice of removal, 84 Lumber states that the basis of removal is this Court's diversity jurisdiction, which 84 Lumber contends exists because it is a Pennsylvania limited partnership and the Detricks are citizens of Ohio. Notice of Removal (Doc. 1) at 2. This confusion on the part of 84 Lumber is problematic, because if both parties are residents of Pennsylvania, the basis of federal jurisdiction – diversity – disappears, and the action in fact could not be brought in the Western District of Pennsylvania.

The Detricks, on the other hand, are quite definite that they are citizens and residents of Ohio.  Plaintiffs' Memorandum Contra Defendant's Motion to Transfer Venue (Doc. 21) at 5.  In its reply brief, 84 Lumber backtracks on this point, stating tersely that "the parties are diverse."  Defendant 84 Lumber Company, LP's Reply Brief to Plaintiffs' Memorandum Contra Defendant's Motion to Transfer Venue (Doc. 30) at 4.  Presumably, this means that 84 Lumber no longer believes that the Detricks reside in Pennsylvania.

The Detricks state in their complaint that they are residents of Ohio.  Complaint at 1.  Defendant 84 Lumber acknowledges that it is a Pennsylvania limited partnership.  Doc. 6 at 1.  At this stage in the proceedings, it appears that the parties are diverse.  Given that 84 Lumber is found in the Western District of Pennsylvania and at least some part of the underlying issues relate to locations within the Western District of Pennsylvania, this, together with the apparent diversity of the parties, suggests that this action could have been brought in the Western District of Pennsylvania.

***Plaintiffs' Choice of Forum***

In general, a court considering a change of venue gives great deference to a plaintiff's choice of forum.  That choice will not be disturbed by this Court unless the party moving for transfer makes a strong showing that equity favors the requested transfer.  *See Eberline v. Ajilon LLC*, 349 F. Supp. 2d 1052, 1054 (N.D. Ohio 2004).  The arguments that 84 Lumber's removal of this matter from state court to federal court divests the Detricks' forum choice of its weight are unpersuasive.  *See id.* at 1055; *see also Picker Int'l, Inc., v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

3

The Detricks clearly chose to litigate their claims in Northern Ohio.  They filed suit in the Court of Common Pleas for Summit County, Ohio.  They raised exclusively claims based on Ohio law.  There is no indication that the Detricks intended or now desire to proceed in Western Pennsylvania – indeed, they have vigorously opposed 84 Lumber's motion to transfer to that venue.  In the absence of a strong showing by 84 Lumber, then, the Detricks' choice of forum should not be disturbed.

### Convenience of Parties and Witnesses

Not surprisingly, the parties disagree about which venue best serves the convenience of the parties and witnesses in this action.  The Detricks, having originally filed in Northern Ohio, contend that they are located in Northern Ohio; Mrs. Detrick has multiple sclerosis, which would make travel outside Northern Ohio difficult for her; Mr. Detrick's business, which requires his attention, is located in Northern Ohio; and witnesses affiliated with the 84 Lumber store in Macedonia, Ohio, where the Detricks contracted with 84 Lumber, are located in Northern Ohio.  Eighty-four Lumber argues that many of the witnesses affiliated with 84 Lumber are located in Western Pennsylvania; the property on which the dwelling was built is in Western Pennsylvania; and much of the subject matter of the lawsuit is found in Western Pennsylvania.

There are factors favoring each venue on this question.  It is clear that much of the early interaction between the parties occurred in Ohio; negotiation and discussion concerning the alleged contract and payment of some money occurred in Ohio.  It is equally clear that at least some of the witnesses affiliated with 84 Lumber are located in Pennsylvania.  Because it appears from the record that the dwelling at issue has been torn

down, however, the location of the dwelling does little to recommend Pennsylvania as a venue.

The party seeking to transfer venue on the basis of convenience must demonstrate that the factors strongly favor transfer.  *Picker Int'l*, 35 F. Supp. 2d at 573.  Where, as here, the proposed transfer would serve merely to shift the burden of inconvenience to another party, a plaintiff's choice of forum should not be overridden.  *Apex Sales Agency v. Phoenix Sintered Metals, Inc.*, Case No. 1:06CV01203, 2006 U.S. Dist. LEXIS 77302 at *9 (N.D. Ohio, Oct. 23, 2006).  This factor strongly favors neither venue.

### *Interest of Justice*

In their complaint, the Detricks claim violations of Ohio law.  Eighty-four Lumber argues that Ohio's connection to the central issues of this case is "sparse at best," and contends that two of the Detricks' claims are governed by Pennsylvania law (Doc. 6 at 7).  As the masters of their complaint, the Detricks presumably know better than 84 Lumber under which law they seek to proceed.  Further, a claim that the laws of another state may be implicated does not in itself end the inquiry.  As with the other factors, these factors must strongly favor the proposed transfer before it will be granted.

Irrespective of any effort by 84 Lumber to point out that it may also have violated Pennsylvania law, it is the Detricks' position that 84 Lumber has violated Ohio law.  *See Eberline, supra*, 349 F. Supp. 2d at 1055 n.1.  Courts – including federal courts – in Ohio have an interest in adjudicating Ohio-related claims raised by Ohio residents under Ohio law.  Eighty-four Lumber has made no showing that a federal district court in the Western District of Pennsylvania has a substantially greater interest in adjudicating this dispute than this Court has.  Under these circumstances, the interest of justice is better

served by the local adjudication of a claimed violation of Ohio law.  This factor favors the current venue of this action.

**Conclusion**

On balance, 84 Lumber has not made the required showing that the factors weigh strongly in favor of transfer.  *See Murty Pharmaceuticals, Inc., v. Akorn, Inc.*, Case No. 5:06-83-JMH, 2006 U.S. Dist. LEXIS 80454 at *9-*10 (E.D. Ky. Nov. 2, 2006).  At best, 84 Lumber has shown that some factors favor transfer to the Western District of Pennsylvania, while other factors favor this case remaining in the Northern District of Ohio.  This Court cannot say that the factors strongly favor the requested transfer, and 84 Lumber's motion to transfer venue hereby is DENIED.

IT IS SO ORDERED.

Dated: April 24, 2007                          s/    *Sara Lioi*
                                                      HON. SARA LIOI
                                                      UNITED STATES DISTRICT JUDGE