UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN DETRICK, et al.,** | ) | **Case No.: 5:06CV2732** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Sara Lioi** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **84 LUMBER COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

SARA LIOI, UNITED STATES DISTRICT JUDGE:

Defendant 84 Lumber Company filed its Motion to Dismiss Counts Three, Five and Six (Doc. 7) on December 11, 2006. Plaintiffs Norman and Judy Detrick filed a Brief in Opposition (Doc. 20), and 84 Lumber filed a reply brief (attached to its Motion to Strike, upon which this Court has ruled separately) (Doc. 31). The Motion to Dismiss is **DENIED**.

**Standard of Decision**

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (citations omitted). A plaintiff is not required to detail all facts on which he bases his claims; rather, "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47 (citation omitted). *See also Columbia Natural Resources, Inc., v. Tatum*, 58 F.3d

1101, 1109 (6th Cir. 1995) ("The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.").

The Detricks allege breach of contract, quantum meruit, negligent construction and defective workmanship, fraud and misrepresentation and violation of the Ohio Consumer Sales Practice Act, all arising out of their negotiations in Macedonia, Ohio with 84 Lumber and the events following the parties' agreement concerning the construction of a residential dwelling on property located in western Pennsylvania. Defendant 84 Lumber has moved to dismiss three of the Detricks' claims: Count Three (Quantum Meruit); Count Five (Fraud and Misrepresentation) and Count Six (Violation of the Ohio Consumer Sales Practices Act).

**Choice of Law**

The parties dispute which state's law – Ohio or Pennsylvania – governs the Detricks' claims against 84 Lumber.

A federal court sitting in diversity applies the law of the forum state; this includes the choice of law rules of that state. *See Miller v. State Farm Mut. Automobile Ins. Co.*, 87 F.3d 822, 824 (6th Cir. 1996) (citation omitted).  This Court therefore applies Ohio's choice of law rules in considering what state's law to apply to the claims at issue in 84 Lumber's motion to dismiss.

Ohio refers to the Restatement (Second) of the Law of Conflicts to resolve conflict of laws issues. *See, e.g., Gries Sports Ent., Inc., v. Modell*, 15 Ohio St. 3d 284, 473 N.E.2d 807, syllabus (1984). The calculus for each claim differs depending on the

nature of that claim and the Restatement's evaluation of the proper balancing to be done on each claim.

*Quantum Meruit*

The Restatement identifies the contacts to be taken into account in determining the law applicable to a claim such as the Detricks' claim for quantum meruit:

> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship,
> (b) the place where the benefit or enrichment was received,
> (c) the place where the act conferring the benefit or enrichment was done,
> (d) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (e) the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 221(2) (1971).

The Detricks' relationship with 84 Lumber began in Ohio, with negotiations between the Detricks and the employees of the Macedonia, Ohio 84 Lumber store. That relationship grew through the negotiation process, also carried out in Ohio, until the Detricks paid the sum at issue in their quantum meruit claim – $108,300 – to 84 Lumber in Ohio. The Detricks are domiciled in Ohio; 84 Lumber is a Pennsylvania limited partnership doing business in both Ohio and Pennsylvania. The only physical thing related to the alleged enrichment – the residential dwelling at issue – was located in western Pennsylvania, but now appears to have been destroyed.

Because Ohio has the more substantial relationship to the Detricks' quantum meruit claim, Ohio law governs that claim.

*Fraud and Misrepresentation*

The Restatement likewise addresses the factors to consider in addressing the law to apply to the Detricks' fraud and misrepresentation claim:

> When the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws § 148(1) (1971).

In the Fraud and Misrepresentation count of their complaint, the Detricks allege that 84 Lumber made various misrepresentations to induce the Detricks to enter into a contract between the parties, and that 84 Lumber made additional misrepresentations to induce the Detricks to continue the contractual relationship and to cause delay in the construction project. Complaint at 9-10. As discussed above, the negotiation of the agreement between the parties took place in Ohio and Ohio therefore has a greater interest in this issue than Pennsylvania. Ohio law should govern here unless "some other state has a more significant relationship . . . to the occurrence and the parties." *See* Restatement (Second) of Conflict of Laws § 148(1) (1971). The formation of the agreement between the parties in Ohio and the effect on the continuation of the agreement is more central to the Detricks' fraud and misrepresentation claim than the construction of the now-defunct residential dwelling in Pennsylvania. Ohio law therefore applies to this claim.

*Ohio Consumer Sales Practices Act*

The Detricks framed their claim concerning 84 Lumber's alleged unconscionable acts regarding their consumer transaction specifically as a claim arising under the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01 *et seq.* The acts complained of in this count relate chiefly to the negotiation of the agreement between the parties in Ohio, rather than to the performance of that agreement by 84 Lumber in Pennsylvania. Because these acts relate to the formation of an agreement or contract, Restatement § 188 applies to such issues:

> In the absence of an effective choice of law by the parties (see §187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws §188(2) (1971).

As discussed above with respect to the Detricks' quantum meruit claim, the place of contracting (to the extent a contract is found) is Ohio; the contract was negotiated between the Detricks and the employees of the Macedonia, Ohio 84 Lumber store. The contract was performed in Pennsylvania; the subject matter appears to have been partly in Pennsylvania (the real property on which the residential dwelling was to be constructed) and partly in Ohio (the building materials to be incorporated into the residential dwelling). The Detricks are domiciled in Ohio; 84 Lumber is a Pennsylvania

- 5 -

limited partnership doing business in both Ohio and Pennsylvania. As noted above, the residential dwelling was located in western Pennsylvania, but now appears to have been destroyed.

Ohio law governs the Detricks' consumer sales practices claim, both because of the relationship of the claim to the agreement negotiated in Ohio and because of Ohio's strong interest in protecting consumers from conduct undertaken in Ohio in violation of the Act.

### *The Detricks' other claims*

This Court does not express any opinion as to which state's law is applicable to the remaining counts in the Detricks' complaint.

### **Merits of the Motion to Dismiss**

### *Count Three – Quantum Meruit*

Eighty-four Lumber argues that the Detricks' quantum meruit claim must be dismissed because it is pre-empted by the existence of an express contract; the Detricks contend that this count of their complaint is presented in the alternative to their contract-based claims and therefore should be allowed to stand at this stage of the proceedings.

There is some support for the argument that the existence of a contract precludes the argument of quasi-contractual claims, but the better-reasoned decisions follow the mandate of *Columbia Natural Resources, supra*, to construe the complaint in a light most favorable to the plaintiff, at least at this stage of the proceedings. *See, e.g., Teknol, Inc. v. Buechel*, Case No. C-3-98-416, 1999 U.S. Dist. LEXIS 22017 at *10-*11 (S.D. Ohio, Aug. 9, 1999). In *Teknol*, the defendant's counterclaim asserting contract and

unjust enrichment claims was not dismissed on plaintiff's motion: first, because the allegation of the existence of a contract could not on its own support a ruling that such a contract existed; and second, because the court could not conclude that defendant's counterclaim necessarily was governed by the alleged contract so as to justify dismissal of his unjust enrichment claim.

Here, a careful review of the complaint leads to the conclusion that it was the Detricks' intent to argue in the alternative: first, that there existed a contract between the parties and 84 Lumber breached it; and second, in the absence of a finding of a contract, that 84 Lumber had received money from the Detricks without the Detricks receiving a corresponding benefit, such that the Detricks were entitled to an equitable remedy pursuant to quantum meruit. Rule 8(a) of the Federal Rules of Civil Procedure specifically permits pleading in the alternative. As in *Teknol*, the parties each have alleged the existence of an agreement, but at this stage of the proceedings, this Court is not prepared definitively to call it a contract, especially in light of 84 Lumber's equivocation relative to the validity, enforceability and completeness of the alleged contract.

*Count Five – Fraud and Misrepresentation*

Eighty-four Lumber contends that the Detricks' fraud and misrepresentation claim should be dismissed because it is duplicative of their breach of contract claim and because it is not stated with the required degree of particularity. The Detricks do not address the duplication argument, and contend that any lack of particularity in their fraud averments should be addressed through requiring a more definite statement, rather than through dismissal of their claim.

Case: 5:06-cv-02732-SL Doc #: 44 Filed: 05/10/07 8 of 10. PageID #: 323

Initially, as with the Detricks' quantum meruit claim, the contention that their fraud and misrepresentation claim should be dismissed because it is in some way duplicative of their breach of contract claim must fail. Alternative pleading is permitted and provides a basis for the Detricks' decision to include both a breach of contract claim and a fraud and misrepresentation claim. Further, the fact that the Detricks will not ultimately be able to prevail on both claims does not provide a basis for dismissal at this stage of the proceedings. *See DeNune v. Consol. Capital of N. America, Inc.*, 288 F. Supp. 2d 844, 854-55 (N.D. Ohio 2003).

Rule 9(b) of the Federal Rules of Civil Procedure requires a complaint alleging fraud or mistake to state with particularity the circumstances constituting fraud or mistake. This rule must be read in conjunction with Rule 8(a), however, which requires "a short and plain statement of the claim" that is sufficient to put the other parties and the court on notice of the claim. *See DeNune, supra*, 288 F. Supp. 2d at 855.

A careful review of the complaint reveals that the Detricks have pled that portion of their fraud and misrepresentation claim relating to events following the formation of the agreement with more clarity than that portion relating to the time before the formation of the agreement. That said, after balancing the competing requirements of notice pleading and particularity concerns against the deference to be shown a complaint on a motion to dismiss, the Detricks' allegations are sufficient to survive 84 Lumber's motion to dismiss.

To the extent that 84 Lumber needs additional information concerning the Detricks' fraud and misrepresentation claim, 84 Lumber may file its motion for more

- 8 -

definite statement on that claim on or before May 24, 2007, with the Detricks' opposition, if any, to be filed within ten (10) days thereafter.

### *Count Six – Violation of the Consumer Sales Practices Act*

Eighty-four Lumber argues that the Detricks' claim of violation of the Ohio Consumer Sales Practices Act ("OCSPA") must be dismissed because the actions complained of – characterized by 84 Lumber as the rough framing of the residential dwelling in Pennsylvania – occurred in Pennsylvania rather than Ohio, and they therefore do not form a proper basis for resolution by operation of Ohio law. The Detricks' complaint is not limited in this fashion, however; it alleges that the actions of 84 Lumber referenced in the complaint (which include actions both before and after the formation of the agreement, as well as the rough framing work) form the basis for their claim.

The crux of the Detricks' OCSPA claim is the agreement entered into between the Detricks and 84 Lumber. That agreement was negotiated and entered into at 84 Lumber's Macedonia, Ohio store. It is fruitless, in the face of these facts, for 84 Lumber to contend that framing the residential dwelling that was the subject of that agreement in Pennsylvania deprives the Ohio statute of its reach.

The OCSPA applies to the actions of suppliers in Ohio, even if the ultimate subject of the transaction is located outside the state and even if the supplier itself is based outside the state. *See, e.g., Shorter v. Champion Home Builders Co.*, 776 F. Supp. 333, 339 (N.D. Ohio 1991); *Arnold v. Volkswagen of America, Inc.*, 2005-Ohio-1710 ¶ 30, 2005 Ohio App. LEXIS 1644 (Ohio Ct. App. Apr. 8, 2005); *Brown v. Market Development, Inc.*, 41 Ohio Misc. 57, 60, 322 N.E.2d 367, 369 (Ohio Com. Pl. 1974). By

acting in Ohio to engage in a consumer transaction, 84 Lumber has placed itself within the reach of this statute.

**Summary Judgment**

This ruling on 84 Lumber's motion to dismiss should not be construed as having any preclusive effect on any later motion for summary judgment by either party, on the issues addressed herein or on any other issues that may arise in the course of litigation of this matter.

**Conclusion**

The motion to dismiss counts three, five and six of the complaint hereby is **DENIED**. If 84 Lumber wishes to move for a more definite statement on count five, it may do so on or before May 24, 2007 and the Detricks may oppose that motion, if they wish, within ten (10) days thereafter.

**IT IS SO ORDERED**.

Dated: May 10, 2007　　　　　　　　　　　s/　*Sara Lioi*
　　　　　　　　　　　　　　　　　　　　　**HON. SARA LIOI**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**